## ELDER *vs.* BOGARDUS, executrix of BOGARDUS.

In case for the negligence of an attorney, the declaration avered that the attorney was retained to examine the title to certain premises and to procure an estate in fee simple therein to be conveyed to plaintiff within a reasonable time, and assigned as breach of duty that the attorney did not procure a good and sufficient title to the fee simple, within such reasonable time, but advised plaintiff to purchase without having a good unincumbered and sufficient title to the fee simple, by reason whereof plaintiff had to pay a large sum to release incumbrances. *Held,* on demurrer, that the declaration was bad.

The action appeared to be brought for not procuring an unincumbered title, while the retainer was to examine the title and to procure a conveyance in fee simple. The existence of incumbrances did not prevent plaintiff from acquiring a title in fee simple. The retainer did not cover the breach.

*Held further,* that the declaration should have stated what incumbrances affected the premises.

The legislature intended by 2 R. S., 447, §§ 1 and 2, to give an action against the executor for every injury by the testator, whether by force or negligence, to the property of another. The words " wrong done " in § 1 extend to cases of non-feasance.

ACTION on the case for the negligence of the testator as an attorney. The first count of the declaration was, for that before and at the time of the committing of the grievances by the said Robert Bogardus herein mentioned, to wit, on the 27th April, 1836, the plaintiff had contracted with Eber Wheaton for the purchase from him of certain tenements and premises in the city of New York in fee simple, for the sum of $7000, which tenements and premises Wheaton assumed to have power to convey in fee simple; and that thereupon, on &c., at &c., the plaintiff, at the special instance and request of Bogardus, retained and employed him as an attorney to examine the title of Wheaton to the said tenements and premises, and to cause and procure an estate and interest therein in fee simple to be conveyed by Wheaton and his wife to the plaintiff, for reasonable fees and reward to Bogardus, within a reasonable time; that Bogardus accepted and entered upon the retainer and employment; and that thereupon it became his duty to use

due endeavors to cause and procure a good unincumbered and sufficient title to the fee simple of the premises to be conveyed to the plaintiff in a reasonable time. Yet Bogardus not regarding &c., but contriving &c., did not nor would use due endeavors to cause or procure a good and sufficient title to the fee simple of the premises to be conveyed to the plaintiff within such reasonable time but wholly neglected and refused so to do ; and afterwards on &c., at &c., wrongfully and injuriously advised, caused and procured the plaintiff to pay Wheaton $7000, as and for the purchase money of the premises, without having a good unincumbered and sufficient title to the fee simple of the same conveyed to the plaintiff. And by reason of the neglect and improper conduct of Bogardus·the plaintiff did not obtain a good, unincumbered, sufficient title to the premises in fee simple ; and in order to procure such good and sufficient title, and to release and discharge the premises from incumbrances thereupon was compelled to pay a large sum, to wit, $5000.

The second count was upon a retainer of Bogardus as an attorney to ascertain *the title* of Wheaton to the premises, and to take care that the premises *should be free from all incumbrances* by way of mortgage or otherwise, excepting a certain mortgage of $2500. He accepted the retainer, but did not take proper care &c.; and the plaintiff, confiding &c., purchased and took a conveyance from Wheaton for the price or sum, $7000 ; and by reason of the carelessness, unskillfulness and negligence of Bogardus, the premises were conveyed to the plaintiff subject to incumbrances, besides and in addition to the said mortgage of $2500 ; and the plaintiff in order to release and discharge the premises from the said incumbrances, other than the mortgage for $2500, was compelled to pay and expend $5000. Demurrer to each count, and joinder.

*E. D. Smith*, for defendant, cited 3 Wend., 130·; 24 id., 163 ; 4 Hill, 643 ; 7 Cow. 442 ; 13 Johns., 437 ; 6 Cow., 156; 9 Wend., 135 ; 10 id., 75 ; 25 id., 107 ; 2 Hill, 504 ; 1 Chit. Pl., 229, 296 ; Chit. on Cont., 555, ed. of '42 ; 4 Burr., 2061 ;

2 *R. S.*, 635, § 1; 13 Mass., 454; 9 Wend., 29; Cowp., 682; *Toller, Ex'r*, 462.

*C. DeWitt*, for plaintiff, cited 2 *Ch. Pl.*, 379, 669, ed of '37.

*By the Court*, BRONSON, J.   Some of the precedents which have found their way into the recent editions of Mr. Chitty's book on pleading are of a doubtful character; but the first count of this declaration has not been so well framed as the questionable precedent which the pleader seems to have had before him. The count wants certainty and precision. A part of the count looks as though the complaint was, that the attorney had not procured a conveyance within a reasonable time; while other parts go upon the ground that the plaintiff did not get a good title to the property, free from incumbrances. And it is also uncertain whether the plaintiff means to complain of an insufficient title, or of incumbrances upon the property. It may, however, be infered from the whole count, that the complaint is about incumbrances. There is then this difficulty. Bogardus was only retained to examine *the title* of Wheaton, and to cause and procure an estate and interest in *fee simple* to be conveyed to the plaintiff. The fact that there were incumbrances on the property does not prove that the plaintiff did not get the fee simple. A judgment, or even a mortgage lien does not disturb the fee. The owner remains seized of, and can convey the land in fee, notwithstanding the incumbrance. The retainer of the attorney is not broad enough to cover the breach.

There is a further objection to the count. It should have been shown how the property was incumbered. I can not think that the attorney is bound to plead and go to trial on the general allegation that the plaintiff did not obtain an *unincumbered* title, and was compelled to pay five thousand dollars to discharge *incumbrances*, without knowing when or how the supposed liens arose, or by whom they were created.

The last objection applies also to the second count. If the plaintiff has discovered that the property was conveyed subject to incumbrances, which he has been obliged to dis-

charge, there can be no difficulty in his stating what, in particular, the supposed incumbrances were; and the attorney has a right to the information. He may be able to show that the supposed incumbrance had been discharged, as by payment or a release; that it was void in its creation, as for usury; or that, by virtue of the recording act, the plaintiff has got the property discharged of the lien. But upon this declaration the attorney can not know how to prepare for trial.

At the common law this action on the case would have died with the testator. But it is saved by the statute. (2 R. S., 447, §§ 1, 2.) It is said that the words " wrongs done" in the first section do not extend to a mere non-feasance; but on considering the exceptions contained in the second section, I think the legislature intended to give an action against the executor for every injury by the testator, whether by force or negligence, to the property of another. The plaintiff might have avoided this question by declaring in assumpsit. The action is, however, well enough in point of form; but the declaration needs amendment.

Judgment for defendant.